UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEIL ROBERSON,<br><br>                Petitioner,<br><br>   v.<br><br>SCOTT SPEER,<br><br>                Respondent. | Case No. C24-1992-RAJ-MLP<br><br>REPORT AND RECOMMENDATION |

      Petitioner Neil Roberson is a Washington state prisoner who is currently confined at the Stafford Creek Corrections Center pursuant to a judgment and sentence entered in Skagit County Superior Court case number 18-1-00907-29. (*See* dkt. # 1-1.) Petitioner has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging that judgment. (*Id*.) Petitioner asserts in his petition and supporting materials a due process violation arising out of the sentencing court's alleged failure to give him credit for time served in the county jail prior to sentencing, as required by RCW 9.94A.505(6). (*See* dkt. ## 1-1, 1-3, 1-5.) Petitioner claims that the failure of the Skagit County Superior Court to award him the required credit renders his judgment and sentence invalid on its face. (*See* dkt. # 1-3.)

REPORT AND RECOMMENDATION - 1

A review of this Court's records reveals that the instant petition is one of seven federal habeas petitions Petitioner has filed in this Court since February 2024, each one challenging the same Skagit County judgment and sentence. *See Roberson v. Bennett*, C24-241-JCC; *Roberson v. Verge*, C24-1130-JCC; *Roberson v. Bennett*, C24-1198-TL; *Roberson v. Speer*, C24-1992-RAJ-MLP; *Roberson v. Speer*, C24-1993-RAJ-MLP; *Roberson v. Speer*, C24-2030-RAJ-MLP; *Roberson v. Speer*, C24-2102-KKE. All but one of these petitions, C24-2030-RAJ-MLP, were filed under 28 U.S.C. § 2241, despite the fact that challenges to state court judgments are required to be brought under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]").[1]

Three of the seven petitions have been dismissed based on Petitioner's failure to exhaust his state court remedies. *See* C24-241-JCC, dkt. ## 5, 7; C24-1130-JCC, dkt. ## 9, 12; C24-1198-TL, dkt. ## 8-9. A Report and Recommendation was recently issued in a fourth case recommending dismissal of the petition filed therein, again based on Petitioner's failure to exhaust his state court remedies. *See* C24-2102-KKE, dkt. # 7. The three remaining petitions are currently pending review by this Court. As indicated above, two of the pending petitions, including the instant petition and that filed in case C24-1993-RAJ-MLP, were filed under § 2241, while the remaining petition, that filed in case C24-2030-RAJ-MLP, was appropriately filed under § 2254.

The Court observes generally that Petitioner's recent litigation activities border on abusive. Petitioner has been repeatedly told that his challenges to his state court judgment must

---

[1] Petitioner has been advised on multiple occasions that challenges to a state court judgment must be brought under § 2254. *See* C24-241-JCC, dkt. # 4 at 2; C24-1130-JCC, dkt. # 8 at 2; C24-1198-TL, dkt. # 2 at 2.

REPORT AND RECOMMENDATION - 2

be brought under § 2254, and that his claims must be properly exhausted in the state courts. Despite these advisements, Petitioner has peppered the Court with petitions filed under the wrong statute and without demonstrating that he has made any effort to properly exhaust his claims in the state courts. Petitioner's litigation strategy does not reflect a genuine interest in obtaining relief from his Skagit County judgment and sentence, but suggests instead a desire to monopolize limited Court and Department of Corrections resources and to disrupt the ordinary processes through which incarcerated individuals are entitled to pursue relief from unconstitutional convictions and/or unconstitutional conditions of confinement.

With specific reference to the petition filed in this case, the Court observes that it was not only filed under the wrong statute, it also lacks sufficient clarity for the Court to accurately assess whether Petitioner has properly exhausted the claim asserted therein.[2] Absent some clear showing that Petitioner exhausted his claim in the state courts, the claim cannot be deemed eligible for federal habeas review.

In addition, while Petitioner asserts in his petition that the sentencing court failed to award him credit for time served in the county jail prior to sentencing, exhibits submitted by Petitioner in support of his petition appear to contradict this assertion. Petitioner has submitted pages from the relevant judgment and sentence which show the document contains a pre-printed

---

[2] In order to obtain relief under § 2254, a petitioner must demonstrate that his claims for federal habeas relief have been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

REPORT AND RECOMMENDATION - 3

provision directing that Petitioner receive the jail credit required by RCW 9.94A.505, and that the jail compute the time served. (*See* dkt. # 1-3 at 3.)

To the extent Petitioner intends to claim his judgment and sentence is invalid because the amount of jail credit to which he is entitled is not specifically set forth therein (*see* dkt. # 1-3 at 1), he has not identified a constitutional claim for relief.[3] Petitioner cites to Washington Superior Court Criminal Rule ("CrR") 7.2 to support his claim that his judgment is invalid. (*See id.*) CrR 7.2(a) provides that "[t]he court shall state the precise terms of the sentence and shall assure that the record accurately reflects all time spent in custody in connection with the offense . . . for which sentence is imposed." This rule does not, as Petitioner suggests, require that the amount of jail time to be credited appear in the judgment and sentence. Moreover, violation of a state rule of procedure does not, by itself, implicate federal constitutional concerns. It thus appears that Petitioner's claim, even if properly exhausted, would not be cognizable in this action.

Finally, the Court observes that it is not permissible for Petitioner to maintain multiple habeas actions challenging the same judgment and sentence and, thus, any viable claims for federal habeas relief must be asserted in a single action. Because Petitioner's challenge to his state court judgment and sentence must proceed under § 2254, and because Petitioner recently filed a petition under that statute which remains pending at this time, Petitioner should be required to file all of his claims for federal habeas relief in that action, and the instant action should be dismissed.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

---

[3] Federal habeas corpus relief is available only to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

REPORT AND RECOMMENDATION - 4

district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

Based on the foregoing, this Court recommends Petitioner's federal habeas petition (dkt. # 1-1) be DISMISSED without prejudice to Petitioner asserting any properly exhausted claims in his pending federal habeas action filed under § 2254, *i.e.*, C24-2030-RAJ-MLP. The Court further recommends that a certificate of appealability be denied. Finally, the Court recommends that Petitioner's application to proceed *in forma pauperis* (dkt. # 1), and all motions filed with the petition (dkt. ## 1-7 to 1-8), be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** after they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 27, 2025**.

REPORT AND RECOMMENDATION - 5

DATED this 6th day of January, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6